

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-91,731-01

## EX PARTE AARON MATHEWS, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 1392768-A IN THE 208TH DISTRICT COURT
## FROM HARRIS COUNTY

**KELLER, P.J., delivered the opinion of the Court in which HERVEY, RICHARDSON, KEEL, WALKER, SLAUGHTER and MCCLURE, JJ., joined. YEARY and NEWELL, JJ., concurred.**

### OPINION

We previously filed and set this case to address whether the requirements for the inference of falsity that this Court adopted in *Ex parte Coty*[1] should apply in cases involving a police officer with a demonstrated pattern of misconduct in drug-related cases.[2] We concluded that it should, and we remanded the case for the habeas court to determine whether evidence substantiates Applicant's

---

[1] 418 S.W.3d 597 (Tex. Crim. App. 2014).

[2] *Ex parte Mathews*, 638 S.W.3d 685, 687 (Tex. Crim. App. 2022).

*Coty* claim.[3] In particular, we were concerned about whether there was evidence that Officer Goines committed repeated acts of misconduct in pursuit of illicit-drug investigations.[4] This was relevant to the second *Coty* prong: whether the state actor "committed multiple instances of intentional misconduct in another case or cases."[5] And depending on *when* a second instance of misconduct occurred, it might also be relevant to the fifth *Coty* prong, whether the actor's conduct in an applicant's case occurred "within roughly the same period of time as the other misconduct."[6] The only evidence of misconduct before us at the time was Officer Goines's false testimony and evidence in cases involving the Mallet brothers in 2008.[7]

After we had remanded this case, we decided *Ex parte Jeffery*.[8] In that case, it was determined that Officer Goines "conducted fictional drug buys, provided false information in the affidavit for the search warrant, and testified falsely at Applicant's trial that Applicant had admitted ownership of a cell phone found in close proximity to the drugs in this case."[9] Officer Goines's misconduct in that case occurred in 2018.

On the basis of the *Mallet* and *Jeffery* cases, the habeas court now concludes that Goines

---

[3] *Id.* at 692.

[4] *Id.*

[5] *Id.* at 689, 691, 692.

[6] *Id.*

[7] *Id.* at 688-89 (observing that there was an allegation that Goines falsified information in a 2019 search warrant affidavit but the record at that time contained "no hard evidence to otherwise substantiate that allegation").

[8] No. WR-92,544-01, 2022 WL 4088689 (Tex. Crim. App. September 7, 2022) (not designated for publication).

[9] *Id.*

engaged in multiple instances of misconduct and that his conduct in Applicant's case, occurring in 2013, occurred within roughly the same period of time as the other misconduct.[10] The habeas court found that all the *Coty* prongs were met in Applicant's case and that a presumption of falsity applied.[11] The habeas court also determined that Goines's misconduct was material because, apart from his offense report, "the State possesses no evidence to support the applicant's guilt."[12] The habeas court also credited the portion of Applicant's unsworn declaration that stated that he would not have pled guilty but would have insisted on a trial if he had known about Goines's misconduct in other cases.[13]

These findings by the habeas court are supported by the record.[14] Consequently, we grant relief.

---

[10] *Agreed Proposed Findings of Fact and Conclusions of Law*, Paragraph 16 (September 16, 2022).

[11] *Id.*

[12] *Id.*, Paragraph 18.

[13] *Id.*, Paragraphs 19-20.

[14] In a footnote in our prior opinion, we said that Applicant "alleges collateral consequences, such as the possibility of an enhanced penalty for a future conviction, potential impeachment of his credibility in future proceedings, and increased difficulty in procuring a job," *Mathews*, 638 S.W.3d at 687 n.2, and the habeas court concluded that Applicant had asserted collateral consequences by making such allegations. *Findings*, Paragraph 22. There is good reason to question how much value to give a footnote such as this. In *Young v. State*, 826 S.W.2d 141, 144 (Tex. Crim. App. 1991), we refused to follow footnote 6A of *Tompkins v. State*, 774 S.W.2d 195, 229 n. 6A (Tex. Crim. App. 1987), upon which, some judges believed, the outcome of *Tompkins* rested. *See Young*, *supra* at 147 (Campbell, J., dissenting); *id.* at 153 (Benavides, J., dissenting on mot. for reh'g). We also said that it was "generally true" that footnotes are *dicta*. *Id.* at 144 n.5. In this case, moreover, our prior opinion did not dispose of the case, raising the possibility that the collateral consequences issue could be revisited. Here, though, Applicant's unsworn declaration also alleged, "They enhanced me with this conviction in charging me in a later offense (no. 2182308)." Given that allegation, we will not reconsider our earlier conclusion that Applicant sufficiently alleged collateral consequences.

Delivered: January 11, 2023
Publish